IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LADAVID BERNARD TAYLOR, § | | |
| TDCJ #938697, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-09-3068 |
| § | | |
| RICHARD GUNNELS, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

The plaintiff, LaDavid Bernard Taylor (TDCJ #938697), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Taylor has filed a complaint under 42 U.S.C. § 1983, among other things, alleging violations of his civil rights in connection with a prison disciplinary conviction. Taylor appears *pro se* and he seeks leave to proceed *in forma pauperis*. (Doc. # 2). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

**I.     BACKGROUND**

Court records reflect that Taylor was convicted of murder and sentenced to twenty-five years' imprisonment. *See Taylor v. State*, No. 05-00-01319-CR, 2001 WL 683607 (Tex. App. — Dallas June 19, 2001, pet. dism'd). Taylor does not challenge his underlying conviction here. Rather, he challenges the result of a prison disciplinary conviction entered against him at the Estelle Unit in Huntsville, Texas, where he remains in custody.

According to the complaint, the attached exhibits, and the supporting memorandum in this case, Taylor was charged in case #20090112217 with violating TDCJ rules by establishing an inappropriate relationship with a correctional officer "by arranging for her to move in with his mother." [Doc. # 1, Exh. 2]. That officer, identified as Mary Johnson, reportedly resigned from her position as a Food Service Manager for "[p]ersonal reasons not related to [her] job." [Doc. # 1, Exh. 1]. Taylor spent six days in pre-hearing detention. He was convicted of the charges against him following a disciplinary hearing on January 5, 2009. [Doc. # 1, Exh. 3]. As a result, officials reduced Taylor's classification level, placed him on cell restriction without commissary privileges for 45 days, and forfeited 180 days of previously earned credit for good conduct (*i.e.*, "good-time" credit). [*Id.*] Officials also suspended Taylor's visitation privileges through May 5, 2009, and the Unit Classification Committee placed him in "medium custody," which is reportedly "where all the other units [sic] trouble making inmate's [sic] are sent," for six months. [*Id.*] Taylor's appeal from the disciplinary conviction was unsuccessful. [Doc. # 1, Step 2 Grievance #2009082985].

Taylor appears to admit that he corresponded with Mary Johnson, but he insists that the charges against him were "false." He sues the following TDCJ officials for violating his right to due process: (1) Assistant Warden Richard Gunnels; (2) Sergeant Markete Miller; (3) Captain Thomas L. Hutt; (4) Disciplinary Captain Lincoln E. Clark; (5) Major Donald E. Muniz; (6) Captain Lawrence Dawson, Jr.; (7) Case Manager Kristin L. Gibson; (8) Sergeant Tracy D. Puckett; and (9) former TDCJ Director Nathaniel Quarterman. Taylor seeks compensatory damages from each of the defendants for "psychological damage," and

"physical injury, including personal humiliation and mental anguish." The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless

legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).

### III.    DISCUSSION

Taylor, who alleges that he was falsely charged and punished in violation of his right to due process, seeks damages for his wrongful disciplinary conviction. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* If a judgment in favor of the

plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* In this context, a "conviction" includes a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997).

Taylor concedes in his pleadings that his disciplinary conviction resulted in the loss of good-time credits. Taylor also concedes that this conviction has not been overturned or otherwise invalidated. Because the allegations in Taylor's civil rights complaint would, if true, necessarily imply the invalidity of his continued incarceration, his claims are not cognizable under 42 U.S.C. § 1983 at this time and his complaint must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). To the extent that Taylor seeks injunctive relief rather than monetary damages, his civil rights claims are likewise barred by the rule in *Heck*. *See Clarke v. Stalder*, 154 F.3d 186 (5th Cir. 1998).

### IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's request for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of LaDavid B. Taylor (TDCJ #938697) and forward them to the

        Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3.     The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim on which relief can be granted.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on September 25th, 2009.

_____
Nancy F. Atlas
United States District Judge